IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-62,774-02




EX PARTE MORRIS WAYNE ROGERS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F-9029356-JS IN THE 282ND DISTRICT COURT
FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to twenty-five years’ imprisonment. He did not appeal his conviction.
            This Court received an incomplete copy of Applicant’s habeas application. The copy
provided to this Court is missing page 7 (of 13) of the habeas form, which lists ground one. 
            We believe that the record should be developed. The trial court shall hold a live evidentiary
hearing and order Dallas County District Clerk Gary Fitzsimmons to respond to the following: (1)
how Article 11.07 applications are processed in Dallas County, from the day original paper
applications are received and filed in the county to the day they are forwarded to this Court; (2)
whether the District Clerk’s Office has written policies in place for the processing of Article 11.07
applications; (3) if so, what these policies are and when they were adopted; (4) whether the District
Clerk’s Office has quality controls in place to ensure that Article 11.07 applications are completely
and accurately copied or digitally scanned; (5) how the District Clerk’s Office determines that copied
or digitally scanned Article 11.07 applications are an accurate representation of the original paper
applications; (6) whether the District Clerk’s Office retains original paper applications; (7) if they
are retained, how long they are retained, and if they are not retained, how quickly they are destroyed;
(8) whether the District Clerk’s Office serves the State with paper or digitally scanned copies of
Article 11.07 applications; and (9) what happened in Applicant’s case. Other witnesses whose
testimony is relevant to this inquiry may testify at the hearing. The trial court shall appoint counsel
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the testimony of Fitzsimmons, and
other witnesses who testify, is credible. The trial court shall also make any other findings of fact that
it deems relevant to the District Clerk’s procedures, practices, and policies relating to the processing
of Article 11.07 applications. 
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from the evidentiary
hearing or deposition, along with the trial court’s supplemental findings of fact, shall be forwarded
to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from
this Court. 
Filed: May 22, 2013
Do not publish